(No. 35713)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE LEE LEWIS, Plaintiff in Error.

*Opinion filed February 1, 1963.*

GREGORY BEGGS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Willie Lee Lewis, together with Harold Washington, was indicted in the criminal court of Cook County on a charge of unlawfully and willfully selling a certain narcotic drug, heroin, to George Robinson, Jr., on January 9, 1959. The defendant pleaded not guilty. He was tried before the court, found guilty and sentenced to imprisonment for not less than ten nor more than twelve years. His sole contention here is that the trial court erred in failing to find that he had been entrapped.

On the morning of January 8, 1959, the defendant, who was in a lounge at the Cyril Hotel in Chicago, was approached by Robert Price, a friend whom he had known for about thirteen years, and narcotics inspector Robinson whose official capacity was unknown to Lewis. According to the defendant he was asked by Price to obtain some narcotics for Robinson so that Robinson would not beat up Price for the non-payment of a $30 debt. The defendant testified that Robinson was bent over and appeared to be in need of narcotics and he agreed to make the purchase as requested. Thereafter, according to the defendant, Price said to Robinson, "Well, give him some money," and Robinson then stated that he would give the defendant a couple of dollars if he would obtain some narcotics. Robinson testified that the only inducement offered by him to the defendant was the money and that he at no time told the defendant that he was an addict.

Robinson and the defendant subsequently left the lounge to meet a person called "Bo Peep" in a tavern on 35th Street from whom the defendant purchased the desired narcotics for the sum of six dollars furnished by Robinson. Two additional dollars obtained from Robinson were retained by Lewis presumedly in accordance with their earlier agreement.

The second time the defendant saw Robinson was also in the Cyril lounge on the evening of January 8, 1959. Robinson indicated that he wanted to purchase additional narcotics which Lewis this time obtained at the lounge itself. Lewis received a one-dollar profit for handling this purchase as had been previously agreed upon.

The third meeting between Lewis and Robinson, that resulted in the sale for which the defendant was convicted took place the next day, January 9, 1959. Robinson met Lewis at the same place, the Cyril Hotel, and Lewis agreed to get some more narcotics at the tavern on 35th Street. However, "Bo Peep" was not there and Lewis declined to

deal with a man at the bar whom he did not know, because he did not want Robinson to come back to him in the event the narcotics offered by this individual proved to be no good.

After leaving the tavern Lewis met an acquaintance, Harold Washington, who was a co-defendant at the trial, going into a restaurant. The defendant solicited Washington to purchase some narcotics inside the restaurant, which Washington agreed to do. In reference to Robinson, Lewis explained that "Robert cut me into him." Washington was to purchase three "bags," two for Robinson and one for Lewis and Washington, the latter to be paid for by the two-dollar profit for obtaining the narcotics for Robinson plus an additional dollar furnished by Washington. Lewis and Robinson walked down the street to an agreed meeting place and Washington arrived later with two packages of narcotics which he handed to Lewis who in turn handed them over to Robinson. Robinson then identified himself as an officer and arrested Lewis and Washington.

This court has held that entrapment, if established by the evidence, constitutes a valid defense. (See, e.g., *People v. Strong,* 21 Ill.2d 320.) Entrapment has been defined as "the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." (*Sorrells* v. *United States,* 287 U.S. 435, 77 L. ed. 413, concurring opinion.) However, there is no entrapment where the law enforcement officer merely provides an opportunity for the commission of a crime by one who is already so predisposed. (*People* v. *Hall,* 25 Ill.2d 297.) The distinction that must be drawn is between the inducement of an otherwise innocent person and the apprehension through lawful artifice of an individual already engaged in criminal activity. (*People* v. *Strong,* 21 Ill.2d 320.) In making this determination the court should consider not only the conduct of the law enforcement

officials, but also that of the defendant, including evidence regarding his predisposition to commit the crime involved.

In the present case the defendant testified that he initially purchased the narcotics for Robinson because of Robinson's threat to beat up his friend Price. The defendant also stated that Robinson was bent over as if to be in need of narcotics. Robinson, on the other hand, testified that he did not tell the defendant that he was an addict and that an opportunity to make a profit was the only inducement offered by him. The record discloses no evidence whatever that the defendant was subjected to undue or prolonged pressure as in the case of *Sherman* v. *United States,* 356 U.S. 369, 2 L. ed. 2d 848, cited by the defendant, and the inducements that were testified to were not improper in a situation involving a crime of this nature. *People* v. *Hall,* 25 Ill.2d 297.

Furthermore, the defendant, once he was satisfied that Robinson, whom he had just met, genuinely wanted to purchase narcotics, readily complied with Price's request that he purchase narcotics for Robinson. He demonstrated that he was well acquainted with the narcotics traffic and could purchase from any one of several sources. This knowledge, coupled with the defendant's willingness to commit the crime, indicates that he was not an innocent person who was beguiled by unwarranted pressures on the part of the police to commit an offense that he would not otherwise have attempted. (*People* v. *Wells,* 25 Ill.2d 146.) The circuit court properly took into consideration all of the foregoing factors in reaching its determination that the evidence did not establish the defense of entrapment.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*