(No. 51771

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD HILLS, Appellant.

*Opinion filed February 22, 1980.*

502

RYAN, J., concurring in part and dissenting in part.

Robert Agostinelli, Deputy Defender, and Thomas Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield, and Carl E. Hawkinson, State's Attorney, of Galesburg (Donald B. Mackay and David Cassorla, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the

State's Attorney Appellate Service Commission, of Ottawa, of counsel), for the People.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In the circuit court of Knox County, defendant, Richard E. Hills, pleaded guilty to the offense of possesion of a controlled substance with intent to deliver (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)), and was sentenced to two years' probation. A petition to revoke his probation was filed, and after a hearing the circuit court revoked probation and sentenced defendant to the penitentiary for a term of not less than two nor more than six years. The appellate court affirmed (71 Ill. App. 3d 461), and we allowed defendant's petition for leave to appeal. The facts are adequately stated in the appellate court opinion and will be repeated here only to the extent necessary to discuss the issues.

We consider first defendant's contention that he was denied the effective assistance of counsel at the revocation hearing. The record shows that on January 5, 1976, defendant was sentenced to two years' probation. On April 13, 1977, a petition to revoke probation was filed, charging that defendant had burglarized a recreation center and had attempted to burglarize a drug store, both in Fulton County. The burglary of the recreation center was alleged to have occurred on March 10, 1977, and although the date of the attempted burglary was not alleged in the petition, the testimony shows that it occurred on March 14, 1977. A public defender was appointed to represent defendant.

On May 19, 1977, at the probation revocation hearing, the public defender moved for a continuance because he had not yet discussed the case with his client. He explained that he had been unable to reach defendant in the interval between his appointment and the hearing. Because a number of the People's witnesses were present,

the circuit court denied the motion, and the parties then agreed to hear the testimony of the People's witnesses and continue the case for the defense to a later date.

Over defendant's objection the People adduced testimony of a statement given by defendant in which he admitted the March 10, 1977, burglary. No motion to suppress the statement was filed before the hearing. The reason stated for defendant's objection to the statement was that at the time the statement was given defendant was "laboring under the difficulty of intoxication." The officer taking the statement, Gary Phillips of the Illinois State Police Criminal Investigation Bureau, testified that at the time the statement was given defendant was "very tired" but "sober." Fulton County Deputy Sheriff James Elam, testified that at the time of defendant's arrest, approximately 12 hours before the statement was given, defendant was "less than stable."

At the close of the People's case the revocation hearing was recessed until June 16, 1977. On that date, the only evidence offered in defense was the defendant's testimony. He was questioned about and denied only the allegations of count II of the petition to revoke probation, which involved the attempted burglary. Defendant did not testify as to count I, involving the burglary to which he confessed in his statement to Officer Phillips.

In his closing argument defense counsel said:

> "I would ask the court to consider for a moment any reason for Mr. Hills in this case to prevaricate his testimony as to Count II. The court will—as the court well knows and as Mr. Kimbell pointed out we presented no evidence as to Count I. I think we are old enough, Your Honor, without contradictory testimony and knowing the nature of the evidence on behalf of the People as to Count I that the conclusion on that matter was foregone without evidence by way of answer. I think Mr. Hills testified truthfully as to Count II though realizing that the chances are quite great based on Count I alone that his probation may be revoked."

The circuit court found defendant guilty of violating probation as to both count I and count II. On July 28, 1977, a sentencing hearing was held and defendant was sentenced to the penitentiary for a term of not less than two nor more than six years. Although the circuit court stated that defendant was "to receive credit for all time spent in custody as a result of this offense," no mention was made whether defendant was to receive credit for the time spent on probation. On August 5, 1977, the circuit court convened another hearing in order to "make the record clear as it should be" and ordered that defendant be denied credit for the time spent on probation.

In support of his contention that he did not receive effective assistance of counsel defendant cites the failure to move for a continuance prior to the hearing on May 19, 1977, on the ground that he had been unable to interview defendant. Defendant argues that counsel had ample time before the hearing to request a continuance and that he was unduly prejudiced by his failure to do so. He asserts that by waiting until the day of the hearing, when the People's witnesses were present, appointed counsel made it difficult for the trial judge to grant a continuance, since to do so would inconvenience the witnesses. Defendant argues that by reason of counsel's failure to investigate, or continue, the case, he was deprived of two clear bases for suppressing defendant's statement: defendant's intoxication and the State's failure to produce all of the material witnesses to the statement. Finally, defendant asserts that his counsel, in closing argument, admitted guilt as to count I and thereby deprived defendant of a defense on that count.

In order to prevail in a claim of incompetence, a defendant represented by court-appointed counsel must establish (1) actual incompetence and (2) substantial prejudice resulting therefrom. (*People v. Witherspoon* (1973), 55 Ill. 2d 18; *People v. Goerger* (1972), 52 Ill. 2d 403.) Proof of prejudice cannot be based on mere con-

jecture (*People v. Thomas* (1972), 51 Ill. 2d 39; *People v. Gonzales* (1968), 40 Ill. 2d 233) nor can a defendant rely upon speculation as to the outcome of his case had the representation been of higher quality (*People v. Thomas* (1972), 51 Ill. 2d 39; *People v. Gonzales* (1968), 40 Ill. 2d 233).

It is pure speculation to assume that any amount of prehearing investigation would have discovered evidence which could have altered the outcome here. Moreover, there is no indication that further effort could have kept out defendant's statement wherein he confessed to burglary. Testimony indicated that the attempted burglary took place at approximately 2 a.m. on March 14, 1979, and defendant was arrested shortly thereafter. Defendant's statement was made at 2:30 p.m. that same day. Assuming, based on Officer Elam's testimony, that defendant was intoxicated at the time of his arrest, we cannot assume that he was intoxicated when he gave his statement 12 hours later. In addition, the mere fact of intoxication is not enough, in itself, to render a statement involuntary. See *People v. Hicks* (1966), 35 Ill. 2d 390.

With regard to the People's failure to call all the witnesses to defendant's statement, defendant is correct in his statement of the general rule that where the voluntariness of a confession is challenged in a motion to suppress, all material witnesses to the confession should be produced. (See, *e.g., In re Lamb* (1975), 61 Ill. 2d 383; *People v. Armstrong* (1972), 51 Ill. 2d 471.) However, other than the fact that defendant had been drinking 12 hours prior to making his statement there is no evidence which suggests that it was coerced or otherwise involuntary. Defendant has failed to show that the result would have been altered had counsel required the People to produce all material witnesses.

Finally, we are unable to say that the closing remarks of defendant's counsel caused substantial prejudice. As the appellate court pointed out, given that defendant had

made an ostensibly voluntary confession as to count I, and with respect to count II had admitted being in the immediate area of the attempted burglary, had admitted being intoxicated, and had admitted smoking marijuana, counsel did not have many options in choosing his remarks. Moreover, we cannot say, in light of the evidence, that a different approach taken in closing could have altered the result.

The record does not support defendant's contention that he did not receive effective assistance of counsel.

Defendant contends next that the circuit court was without authority to deny him credit for the time served on probation. At the time of sentencing section 5—6—4(h) of the Unified Code of Corrections provided in pertinent part:

> "Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(h).)

Thus, by the terms of section 5—6—4(h), since the sentencing order entered on July 28, 1977, made no mention of credit, absent the "clarification" by the trial court eight days later, defendant would have received credit for the time spent on probation. Defendant contends that the circuit court's action on August 5, 1977, resulted in an improper increase in the length of his sentence, contrary to section 5—8—1(d) (now section 5—8—1(c) of the Unified Code of Corrections), which provides:

> "The court may reduce or modify, but shall not increase the length of a sentence by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose." Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d); now par. 1005—8—1(c). Pub. Act 80—1099 (effective February 1, 1978).

The appellate court, while apparently agreeing that defendant's sentence was increased, held that the increase

did not violate the prohibition of section 5—8—1(d). Citing *People v. Heil* (1978), 71 Ill. 2d 458; *People v. Watson* (1946), 394 Ill. 177, and *People v. Hamel* (1946), 392 Ill. 415, it explained that the circuit court retains jurisdiction for 30 days after entry of a judgment in order to correct errors, subject to the restriction that in criminal cases the circuit court loses jurisdiction when the defendant begins serving his sentence in the penitentiary. In dealing with defendant's assertion that section 5—8—1(d) replaced the rule of *Watson, Hamel* and earlier cases, the appellate court added:

> "We interpret section 5—8—1(d) as giving the trial court the additional jurisdictional power to reduce or modify without increasing a sentence after defendant has begun serving his sentence until 30 days from the date sentence was imposed. We reach this conclusion in order to give effect to the last sentence of section 5—8—1(d) ***. This sentence must mean that the preceding sentence was intended to enlarge the jurisdiction of the court for the purpose of reducing or modifying a sentence within 30 days, and the only way jurisdiction could be enlarged would be by eliminating the previous restriction." (71 Ill. App. 3d 461, 469.)

We do not agree. Under section 5—8—1(d) the circuit court had jurisdiction to "reduce or modify" the sentence for a period of 30 days "from the date sentence was imposed" without regard to when it may have been executed. (*People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 157.) Increase of the sentence is, however, expressly proscribed, and the circuit court was without power to increase the sentence after it was imposed.

Defendant's final contention is that his sentence was excessive. Taking into account that defendant will receive credit for the time spent on probation, we cannot say that the trial court abused its discretion in imposing the

sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149.

For the reasons stated the judgments of the appellate court and circuit court are affirmed and the cause is remanded to the circuit court of Knox County with directions to issue a corrected mittimus containing no provision for denial of credit for the time defendant was on probation.

*Affirmed and remanded,*
*with directions.*

MR. JUSTICE RYAN, concurring in part and dissenting in part:

I agree with the majority's holding on all issues except its interpretation of section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d), now par. 1005—8—1(c), Pub. Act 80—1099 (effective Feb. 1, 1978)). In my opinion, the reasoning of the appellate court on this issue is correct.

In Illinois the common law rule permitted a trial court to retain jurisdiction over a judgment until the adjournment of the term, except that in criminal cases the trial court lost jurisdiction before the end of the term when the defendant's sentence was executed. Under the practice in this State, when a person accused of a crime was convicted, sentenced and delivered into the custody of the proper penitentiary officer under a mittimus, the sentence was considered executed and the court lost jurisdiction. That rule was later changed so that the court's jurisdiction ended 30 days from the entry of the judgment rather than the expiration of the term; however, in criminal cases, trial courts lost their jurisdiction as soon as the sentence was executed, if prior to 30 days. Therefore, in criminal cases, the trial court retained jurisdiction to vacate, modify or set aside a judgment until the sentence was executed, or 30 days after the sentence was imposed, whichever occurred first. *People v. Heil* (1978), 71 Ill. 2d 458; *People v. Lance* (1962), 25 Ill. 2d 455; *People v. Wakeland*

(1958), 15 Ill. 2d 265; *People v. Putnam* (1947), 398 Ill. 421; *People v. Watson* (1946), 394 Ill. 177; *People v. Hamel* (1946), 392 Ill. 415; *People ex rel. Fensky v. Leinecke* (1919), 290 Ill. 560; *People ex rel.. Huber v. Whitman* (1917), 277 Ill. 408; *People ex rel. Lucey v. Turney* (1916), 273 Ill. 546.

The majority opinion holds that section 5—8—1(d) changes the common law rule by restricting the trial court to modifications which do not increase the defendant's sentence. I cannot agree with this interpretation. The primary purpose of statutory construction is ascertainment of the legislative purpose and intent. When interpreting new legislation a court should consider the necessity for the law, the previous condition of the law on the subject, and the defects, if any, that are intended to be remedied. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 310; *Livingston v. Meyers* (1955), 6 Ill. 2d 325; *Anderson v. City of Park Ridge* (1947), 396 Ill. 235.) The common law serves as a valuable aid to furnish guidance in determining legislative intent or the meaning that the text of the statute is to convey. (2A Sutherland, Statutes and Statutory Construction sec. 50.01, at 268 (4th ed. 1973).) It is also an elementary rule of statutory construction that effect must be given, if possible, to every word, clause and sentence of a statute, so that no part will be inoperative or superfluous. *Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514; *Morris v. Broadview, Inc.* (1944), 385 Ill. 228.

Applying these rules of construction, I interpret section 5—8—1(d) as giving the trial court the additional jurisdiction to reduce or modify, without increasing, a sentence after the defendant has begun serving his sentence until 30 days from the date sentence was imposed. This interpretation gives effect to the last sentence of section 5—8—1(d), which states: "This shall not enlarge the jurisdiction of the court *for any other purpose.*" (Emphasis added.) By this sentence, the legislature, being fully cog-

nizant of the common law jurisdiction of the trial courts, sought to enlarge the court's jurisdiction for the purpose of reducing or modifying a sentence within 30 days, thus partially eliminating the previous restriction. However, there is no indication that it sought to *limit* the court's jurisdiction.

In the present case the defendant's sentence was unexecuted when the trial court entered an order denying the defendant credit for probation time. I would hold that the common law rule is still applicable and that the trial judge's denying the defendant credit for probation time served was perfectly proper.