THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY HOLLINGSWORTH, Defendant-Appellant.

Fifth District    No. 80-290

Opinion filed February 6, 1981.

John H. Reid and Charles M. Leonhard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WELCH delivered the opinion of the court:

The defendant, Ricky Hollingsworth, pleaded guilty to burglary and was sentenced to three years' probation. Defendant's probation was subsequently revoked, and he was sentenced to six years' imprisonment.

On January 2, 1979, defendant was arrested for the burglary, which was committed on December 23, 1978, of the home of Joe Lewis, Jr. On March 26, 1979, defendant pleaded guilty to the burglary. On May 10, 1979, defendant was sentenced to three years' probation and released from jail. On August 6, 1979, the State filed a petition to revoke probation. Pursuant to section 5—6—4(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(a)(3)), an arrest warrant issued and was returned on August 8, 1979. On January 2, 1980, the court, on motion of the State, dismissed the petition to revoke. On March 11, 1980, another petition to revoke probation was filed, which alleged that defendant had committed a burglary on July 24, 1979, two armed robberies, and failed to report to his probation officer. Another arrest warrant was issued and returned on March 11, 1980. On May 2, 1980, the State's motion to dismiss the armed robbery counts of the petition to revoke was granted. Evidence was presented on only count I of the petition to revoke, the allegation of commission of a burglary. The court found that the commission of the burglary was proved and ordered a presentence report.

The presentence investigation established that defendant is 22 years of age, that he dropped out of school in 1971 during his ninth year of schooling, and that he has only been employed twice, for one month in 1978 and for approximately a year in 1973. Defendant has three prior convictions of misdemeanor theft, one in each of the years of 1976, 1977, and 1978. Defendant was convicted of burglary in St. Clair County case No. 79-CF-446, which was the basis for revocation of probation in the case at bar, and sentenced to probation. As a condition of probation in case No. 79-CF-446, defendant was to spend weekends in the county jail. The weekend sentences were to commence on December 21, 1979. The booking officer reported that from January 25, 1980, to March 7, 1980, defendant failed to serve his weekends. Of the five weekends he did serve between December 21, 1979, and January 18, 1980, he was late twice from

the court-ordered time to start his weekend incarceration. Defendant is married and has one child.

At the sentencing hearing conducted on May 23, 1980, the defendant asked the court to take judicial notice of the petition to revoke in case No. 79-CF-446, which alleged failure to serve his weekend sentences commencing on February 15, 22, and 29 and did not allege failure to appear or tardiness on the other dates. Defendant explained that he had been in the hospital on one of the weekends. In response to the court's inquiry on why he missed the other weekends, defendant responded:

"I had—okay. I was trying to get into my doctor—Dr. Thomas. He's a nerve specialist at Community Hospital. And I was going there to see him, but they didn't have C.M.U. ward there any more. They had it at St. Mary's Hospital. And they wouldn't allow me in there because I had no means of paying for it, no medical card or nothing."

Counsel then stated that defendant would present evidence at the revocation hearing on case No. 79-CF-446 on why defendant missed his weekend incarceration dates. In sentencing defendant, the court stated:

"Well, Mr. Hollingsworth, you do have an extensive prior history of criminality, including your juvenile record. But discounting your juvenile record, your three adult minor theft charges could have easily resulted into a minimum sentence on your very first burglary that you had, but the Court gave you probation. So you got a break. It wasn't a matter of a few months after that, but once again, you get in trouble for a burglary and should have gone to the penitentiary, but once again, you got a break. You got weekends. Then you failed to show up for your weekends, but beyond that, you do another burglary. The patience of the Court is gone. When I say that you get one break, I mean it. The only shame in this case was that I didn't have your second burglary because you would already be gone now. But your attorney said you didn't know whether you are coming or going; I'm going to make it simple for you; you are going for six years to the State penitentiary * * *.

* * * [Y]ou will get credit for the time that you served from March 11th to today's date * * *."

■■■ The defendant does not contest that a penitentiary sentence was justified; however, he contends that six years' imprisonment is excessive. As defendant correctly points out, a court in passing sentence after revocation of probation may impose any sentence that would have been appropriate for the original offense. (*People v. Bullion* (1974), 21 Ill. App. 3d 297, 314 N.E.2d 731.) A defendant may not be sentenced upon revocation of probation for the conduct which led to a revocation of that probation; however, such conduct can be considered as it reflects upon a

defendant's potential for rehabilitation. (*People v. Shockley* (1977), 54 Ill. App. 3d 1041, 370 N.E.2d 551.) Defendant points to his repentant attitude at the sentencing hearing and the impact of his previous incarceration on him. However, defendant was incarcerated for 129 days prior to pleading guilty in the case at bar; yet, four months after pleading guilty, he committed another burglary. Therefore, defendant's statements ring hollow. Further, a court is not bound by defendant's statement of remorse. (*People v. Piontkowski* (1979), 77 Ill. App. 3d 994, 397 N.E.2d 36.) The fact that another judge imposed sentence of probation in case No. 79-CF-446 is irrelevant to the sentence imposed in the case at bar. The standard of review is whether the trial court exercised its discretion and whether that discretion was abused. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In light of defendant's graduation from misdemeanor crimes to a residential burglary, his commission of a burglary so soon after being granted probation, his failure to maintain any recent employment in order to support his family, indicate that the sentence imposed was not an abuse of discretion in view of the reassessment of defendant's potential for rehabilitation.

■■ Lastly, defendant contends (a) that he is entitled to credit for time served from the date of his initial incarceration on January 2, 1979, until his release on probation on May 10, 1979, and (b) that he is entitled to credit for time served on probation from May 10, 1979, until the arrest warrant was issued on March 11, 1980. The State concedes that defendant is entitled to credit for the time from January 2, 1979, until May 10, 1979, 129 days. We agree. (*People v. Scheib*, (1979), 76 Ill. 2d 244, 390 N.E.2d 872.) The State assumes defendant was initially incarcerated on January 3, 1979, the day he was remanded to the county jail for failure to post bond; however, the original presentence investigation indicates defendant was arrested January 2, 1979. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)) states:

> "Resentencing after revocation of probation, conditional discharge or supervision shall be under Article 4. Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

However, courts have ruled that in granting a revoked petitioner credit for time which he spent in jail, as the court did in the case at bar from March 11, 1980, date of arrest on second petition to revoke, to May 23, 1980, date of resentencing, the court implicitly denies a defendant credit for the time served on probation. (*People v. Smithson* (1st Dist. 1978), 65 Ill. App. 3d 564, 382 N.E.2d 536; *People v. Denier* (2d Dist. 1979), 76 Ill. App. 3d 214, 394 N.E.2d 1073. Contra, *People v. Brogan* (4th Dist. 1979), 76 Ill. App. 3d 957, 395 N.E.2d 408.) We believe that the *Smithson-Denier*

rule is the better rule and follow that line of cases. Although raised by neither party, we note that defendant was arrested on the original petition on August 8, 1979. There is no indication in the record when he was released from incarceration on that petition to revoke probation. Defendant is entitled to credit from August 8, 1979, until he was released from incarceration. (*People v. Scheib.*) Therefore, we remand this cause to the Circuit Court of St. Clair County to determine the amount of credit defendant is entitled to on account of the first petition to revoke probation. After the foregoing determination is made, the court is directed to reflect that finding in an amended mittimus and judgment order and also reflect credit for 129 days served from date of arrest until release on probation and for 74 days served from the date of arrest on March 11, 1980, until sentencing on May 23, 1980.

Finding that oral argument would be of no assistance to the court in reaching its conclusion, and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)), and we affirm and remand with directions the judgment of the Circuit Court of St. Clair County.

Affirmed and remanded with directions.

KARNS and JONES, JJ., concur.