THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESUS GARCIA, Defendant-Appellant.

Fourth District    No. 16464

Opinion filed April 24, 1981.

CRAVEN, J., dissenting.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:
Was Garcia entrapped by the police into committing this burglary? We think not.
He was already *predisposed* to perpetrate the offense.
A jury found Jesus Garcia guilty of committing a burglary at the Grace Corey residence in Jacksonville, and he was sentenced to imprisonment for 5 years.
On appeal, defendant contends (1) that the State failed to prove beyond a reasonable doubt that he was not entrapped into committing

this offense, (2) that his representation by appointed counsel was ineffective, and (3) that the victim was erroneously permitted to testify that her home had been burglarized on a prior occasion.

In short, we affirm.

The evidence presented at trial focused on the defense of entrapment. On the evening of May 12, 1980, Detectives Randy Duvendack and Dale McKenna were positioned in the bushes behind the Corey residence and observed defendant and another man enter the backyard of the residence. (Defendant was inside the Corey garage when he was arrested by Detective McKenna.)

Officer John Lael and Detective Gerry Lieb, who had been cruising the area in a pickup truck, went to the Corey residence when they heard Officer McKenna yell. Lael testified that Randy Walden—who was with defendant—was working with the police in exchange for an agreement that he would not be prosecuted for certain alleged offenses.

Detective Lieb and Officer Lael had discussed Walden's willingness to work with the police. Walden had informed Detective Lieb of earlier occasions when he and defendant had committed burglaries. (The defendant had already been investigated for an earlier burglary.) During the afternoon of May 12, Walden informed Detective Lieb that defendant would do a burglary with him that evening. It was Detective Lieb's idea to use the Corey residence as the site of this burglary.

Randy Walden—the informer—testified that the police officers wanted to catch defendant. Walden suggested committing this specific burglary to defendant after Garcia expressed a willingness to commit a burglary and led the defendant to the Corey residence. Officer Lieb had earlier told Walden to be there between 9 and 11 p.m. Walden denied, however, that he and defendant had ever committed any other burglary.

Assistant State's Attorney Tim Olsen was called as a witness by defense counsel. He had discussed entrapment with Detective Lieb in March 1980. Lieb had asked whether it would be entrapment for an informant, who had committed burglaries with a certain person, to set up a burglary and tell the police when the burglary would occur. Olsen told Lieb that such a situation is not entrapment.

■■ Defendant contends he was entrapped into committing this offense and requests this court to reverse his conviction. The defense of entrapment is found in section 7—12 of the Criminal Code of 1961:

"A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of

a criminal purpose which such person has originated." (Ill. Rev. Stat. 1979, ch. 38, par. 7—12.)

Once the entrapment defense is raised, it becomes incumbent upon the State to prove beyond a reasonable doubt that entrapment did not occur. Ill. Rev. Stat. 1979, ch. 38, par. 3—2(b); *People v. Tipton* (1980), 78 Ill. 2d 477, 487, 401 N.E.2d 528, 532-33.

■■■ The question of whether entrapment exists is ordinarily reserved for the jury and should not be disturbed on appeal unless the reviewing court concludes that entrapment exists as a matter of law. (*Tipton; People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261.) Based on the evidence presented, the jury could have found that defendant was predisposed to commit this burglary. The fact that the police officers planned this particular offense does not require the reversal of defendant's conviction because entrapment does not exist where the law enforcement officers merely provide an opportunity for the commission of a crime by one who is already so predisposed. *People v. Lewis* (1963), 26 Ill. 2d 542, 187 N.E.2d 700.

The evidence of defendant's predisposition is sufficient to defeat his claim of entrapment. From the testimony of both Detective Lieb and Randy Walden, it is clear that defendant Garcia wanted and agreed to commit a burglary *before* it was suggested that the Corey residence be the property hit. In other words, Garcia was predisposed to perpetrate a burglary—*any* burglary—and he was not particular as to the site, being willing to rely upon Walden to select the residence. We find no basis in this record for setting aside the jury's verdict.

Defendant next asserts he was deprived of his due process rights to a fair trial because of trial counsel's incompetence. In particular, defendant attacks the evidence elicited by his defense counsel that indicates he had been involved in other burglaries. Defendant contends his counsel should have moved to strike this extremely prejudicial evidence.

■■ In order to prevail in a claim of his counsel's incompetence, a defendant represented by court-appointed counsel must establish (1) actual incompetence and (2) substantial prejudice resulting therefrom. (*People v. Hills* (1980), 78 Ill. 2d 500, 401 N.E.2d 523; *People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.) We agree with the State that defense counsel's decision not to react to this evidence of predisposition is properly characterized as trial tactics. Errors in judgment or trial strategy do not establish incompetence. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) The record does not support defendant's contention that he did not receive effective assistance of counsel.

A defendant is entitled to a *fair* trial, but *not* a *perfect* trial. (*People v. Parisie* (1972), 5 Ill. App. 3d 1009, 287 N.E.2d 310.) In retrospect, we can

see that defense counsel's tactic of eliciting this testimony was perhaps unwise. But there undoubtedly are many trials in which lawyers realize—after the fact—that they should not have pursued a particular line of questioning. The distinction between improvident trial tactics and actual incompetence is a hazy one. In placing a case within one category or the other, a reviewing court is not in the business of second-guessing counsel. In this case, we do not see the defense attorney's error as rising to the level of actual incompetence.

■■ Finally, defendant claims the trial court erred in allowing the victim to testify that her home had been burglarized on a prior occasion. We agree that this evidence is irrelevant and should not have been admitted. (See *People v. Galloway* (1963), 28 Ill. 2d 355, 192 N.E.2d 370, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665.) We find, however, the error in admitting this evidence is harmless and does not justify reversing defendant's conviction.

Consequently, defendant's conviction is hereby affirmed.

Affirmed.

WEBBER, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I disagree with the majority opinion in two respects. First, this record establishes the existence of entrapment as a matter of law, and, second, if one is not persuaded to that conclusion, then the defendant is entitled to a new trial by reason of incompetence of trial counsel. It is simply incomprehensible to me that the majority opinion categorizes the actions of the trial counsel here as mere "trial tactics."

Once the entrapment defense is raised, it becomes incumbent upon the State to prove beyond a reasonable doubt that entrapment did not occur. (Ill. Rev. Stat. 1979, ch. 38, par. 3—2(b); *People v. Tipton* (1980), 78 Ill. 2d 477, 487, 401 N.E.2d 528, 532-33.) The precise question presented here is whether the evidence presented is sufficient to negate the defense of entrapment, beyond a reasonable doubt.

The prohibition against police action designed to create and induce criminal acts in order to prosecute those persons who commit them underlies the entrapment defense. (*People v. Hall* (1962), 25 Ill. 2d 297, 300, 185 N.E.2d 143, 145, *cert. denied* (1963), 374 U.S. 849, 10 L. Ed. 2d 1069, 83 S. Ct. 1912.) Entrapment has been defined as "the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." (*Sorrells v. United States* (1932), 287

U.S. 435, 454, 77 L. Ed. 413, 423, 53 S. Ct. 210, 217 (Roberts, J., concurring); *People v. Lewis* (1963), 26 Ill. 2d 542, 545, 187 N.E.2d 700, 701.) Entrapment does not exist where the law enforcement officer merely provides an opportunity for the commission of a crime by one who is already so predisposed—the distinction is between the inducement of an otherwise innocent person and the apprehension through lawful artifice of an individual already engaged in criminal activity. Two questions must be answered when determining if entrapment occurred: (1) whether the defendant was induced to commit a criminal offense by a government official or agent; and (2) whether the defendant was predisposed to commit the type of offense with which he is charged. *People v. Lewis* (1963), 26 Ill. 2d 542, 545-46, 187 N.E.2d 700, 701; *People v. Spahr* (1978), 56 Ill. App. 3d 434, 437, 371 N.E.2d 1261, 1264.

The State argues that the police officers did not induce this burglary, but merely suggested the site. The record, however, refutes this contention. Randy Walden, who was working with the police, suggested committing this burglary to the defendant. Detective Lieb chose the Corey residence as the site of the burglary, and told Walden to be there between 9 and 11 p.m.

A closer question concerns the predisposition of the defendant. Predisposition means an already formed intent to commit the offense charged. (*People v. Tipton* (1980), 78 Ill. 2d 477, 495, 401 N.E.2d 528, 536 (Clark, J., dissenting).) The State argues that defendant's history of burglary involvement shows he was predisposed to commit this crime and supports the jury's determination of no entrapment. The record does show that the officers involved suspected that defendant had committed prior burglaries; and, according to the officers' testimony, Randy Walden had committed burglaries with the defendant in the past. At trial, Walden denied that he and defendant had ever committed a burglary. In the very recent case of *People v. Pates* (1981), 84 Ill. 2d 82, the supreme court rejected a notion that entrapment did not exist if an agent of a public officer merely afforded an opportunity for committing a "crime which he was willing to commit." (84 Ill. 2d 82, 86.) The question is not whether the defendant intended to commit the crime, but whether the intent originated in his mind. (*People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812.) The evidence is simply insufficient to support a finding of predisposition on the part of the defendant.

We turn now to the issue of whether the defendant was denied the effective assistance of counsel. Interestingly enough the State does not assert waiver of any issue although no post-trial motion was filed by counsel. On appeal, the defendant attacks the evidence insinuating that he had been involved in other burglaries. That evidence was elicited by

defense counsel even after the prosecutor informed counsel and the court that the State was not going to attempt to have such suspicions introduced in evidence. Counsel for the defendant responded that he was pursuing that line of examination of a witness and that he did not know what the witness was going to say. This was a clear indication that counsel did not interview the witness he was examining prior to the examination. That testimony was inadmissible if offered by the State, and it was clearly severely prejudicial to the defendant. An attorney representing a defendant charged with a burglary who elicits evidence of his client's propensity to commit burglaries and the fact that his client was involved in other burglaries is hardly using trial tactics. It was a grievous error.

I am aware that in order to prevail in a claim of incompetence of counsel a defendant must establish that there was actual incompetence and that such resulted in substantial prejudice to his case. (*People v. Hills* (1980), 78 Ill. 2d 500, 505, 401 N.E.2d 523, 525; *People v. Witherspoon* (1973), 55 Ill. 2d 18, 21, 302 N.E.2d 3, 4-5.) In this case, defense counsel raised the valid defense of entrapment, and then through his examination of witnesses introduced evidence the substantive effect of which would be to tend to defeat that defense. Defense counsel elicited evidence tending to show that the defendant charged with burglary was a burglar. Effective representation of a defendant in a criminal case requires some familiarity with what testimony witnesses are going to give and pretrial preparation sufficient to enable counsel to anticipate witnesses' answers and to avoid questions that would tend to inculpate his client. (See *People v. De Simone* (1956), 9 Ill. 2d 522, 527, 138 N.E.2d 556, 559.) Finally, the total failure of defense counsel to file a post-trial motion in view of the errors found in this record is but further evidence of the fact that the defendant here did not have that quality of representation necessary in order to obtain a fair trial. Thus, although I would reverse finding entrapment as a matter of law, if one is not persuaded to that view, then at a minimum this defendant is entitled to a new trial. For those reasons, I dissent.