(No. 54741.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. RICKY HOLLINGSWORTH, Appellant.

*Opinion filed March 16, 1982.*

John H. Reid, Deputy Defender, and Jean Marie Reyes
and Charles M. Leonhard, Assistant Defenders, of the
Office of the State Appellate Defender, of Mount Vernon,
for appellant.

Tyrone C. Fahner, Attorney General, of Springfield
(Herbert Lee Caplan, Melbourne A. Noel, Jr., and Ronald
Lee Bell, Assistant Attorneys General, of Chicago, of
counsel), for the People.

JUSTICE SIMON delivered the opinion of the court:

The circuit court of St. Clair County revoked Ricky Hollingsworth's probation and sentenced him to six years in prison for burglary. At sentencing, the judge said Hollingsworth would get credit for time served in custody after his arrest for the probation violation; the mittimus provided similarly. The issue is whether he also is entitled to credit for the time he spent on probation.

Section 5—6—4(h) of the Unified Code of Corrections provides that "[t]ime served on probation *** shall be credited by the court against a sentence of imprisonment *** unless the court orders otherwise." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h).) The defendant argues that because the court did not expressly say anything about time served on probation, he must get credit for that time.

The appellate court, in affirming the defendant's sentence as not excessive, said that the circuit judge's statement that the defendant would receive credit for time served in custody indicated he meant to deny credit for anything else, including probation time. The appellate court held that this satisfied the statutory language "unless the court orders otherwise," and therefore denied credit for probation time. (93 Ill. App. 3d 416.) It is this denial of credit for probation time that defendant challenges in this appeal.

In *People v. Hills* (1980), 78 Ill. 2d 500, 505, the circuit court stated that Hills was "to receive credit for all time spent in custody," but nothing was said about credit for the time spent on probation. This court held that "since the sentencing order *** made no mention of credit, absent the 'clarification' ***, defendant would have received credit for the time spent on probation." (78 Ill. 2d 500, 507.) The circuit court having no power to increase a sentence after it was imposed, even by way of "clarifying" its judgment, the cause was remanded "with directions to issue a corrected mittimus containing no pro-

vision for denial of credit for the time defendant was on probation." 78 Ill. 2d 500, 509.

We see no reason to depart from the rule laid down in *Hills*. Appeals are not designed to decide what a judgment means, as opposed to whether it is erroneous, and yet that is what the State's theory requires reviewing courts to do. Still less should a sentence depend on a prison warden's personal interpretation of what the judge must have really meant. Because according to *Hills* the sentencing court cannot later clarify its own order so as to deny a defendant credit, the initial judgment must be unambiguous. If the court decides to deny credit for probation time, it should say so; the point should not be left to inference or interpretation. If the court does not expressly deny credit, the defendant is entitled to it under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)), which contemplates that credit will usually be allowed. The proper administration of justice requires a rule that will make it unnecessary for anyone to try to figure out what the sentencing judge had in mind where he could have properly either granted or denied credit. We reverse the appellate court because the circuit court's sentence was ambiguous; the appellate court erroneously read into it a meaning that may or may not have been intended.

The portion of the appellate court judgment denying credit for time served on probation is reversed, and the balance of the appellate court judgment is affirmed. The circuit court's judgment is interpreted as allowing the defendant credit against his sentence for time served both in custody and on probation for this offense, and as so interpreted is affirmed. The cause is remanded to the circuit court of St. Clair County with directions to issue a corrected mittimus plainly allowing credit for the time the

defendant was on probation as well as the time he was in custody.

*Appellate court affirmed in part and reversed in part; circuit court affirmed; cause remanded, with directions.*