THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAUL TOLBERT, Defendant-Appellant.

Fifth District No. 82—702

Opinion filed November 9, 1983.

HARRISON, P.J., dissenting.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Stephen E. Norris and Mark A. LaRose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Paul Tolbert, pleaded guilty to two counts of burglary and on March 24, 1982, was sentenced to probation for a term of two years. On October 12, 1982, a petition to revoke probation was filed which alleged that defendant had committed a burglary on August 9, 1982. On October 12, 1982, defendant was in court and was personally served with the petition which tolled the period of probation under the provisions of section 5—6—4(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(a)(3)). After a hearing on the petition, the court found that defendant had violated probation. Defendant's probation was revoked and he was sentenced to three years' imprisonment. At the sentencing hearing, the following occurred:

"[T]he Court now sentences Paul Eugene Tolbert to three years in the Illinois Department of Corrections. He will be given credit for the time he has served in jail. I will also give him credit for time he has served on probation, which is very little, relatively speaking, because he wasn't on very long when he committed the second act. ***

MR. BAERTSCHI [assistant State's Attorney]: Judge, credit for time on probation until the time of the offense? Or until what time?

THE COURT: Well, he's going to get credit for—okay. How much later was he arrested?

MR. BAERTSCHI: The offense occurred on August—

THE COURT: I think I can only give him credit until the offense occurred. That's what I intended. I forgot he wasn't arrested that time. From the time he was placed on probation until the commission of the offense, that's what he gets credit for. And the time of his incarceration—total time of incarceration."

The judgment and sentence order of the court states, in part, that the court "fixes the time of imprisonment at 3 years with credit for 61 days served and 138 days on probation to the date of the offense.

On appeal, defendant contends that he should be given credit for an additional 64 days served on probation from August 9, 1982, until October 12, 1982, while the State argues that the trial court statement was both a denial of and a credit for time served on probation. The State further contends that if the court has discretion to deny a defendant credit for all time served on probation (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h)), the court has the discretion to deny defendant credit for only part of the time served on probation.

■■ The issue raised by defendant's first contention was ad-

dressed by the court in *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, 683, in which our supreme court stated: "If the court does not expressly deny credit, the defendant is entitled it under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)), which contemplates that credit will usually be allowed." Our examination of the record in the case at bar leads us to conclude that the court expressly denied defendant credit for the 64 days in dispute. The trial judge expressly stated that it was his intention to give defendant credit for the time spent on probation only up to the date of the commission of the second offense.

 Further, we conclude that the State correctly asserts that it is permissible for a trial court to deny a defendant credit for only part of the time he spent on probation under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h)), which provides: "*** Time served on probation *** shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." The courts previously have recognized the authority of the trial courts to grant only partial credit by affirming sentence credit granted to a defendant only for time spent in custody while on probation and denying him credit for time spent on probation but not in custody. (*People v. Dixon* (1976), 41 Ill. App. 3d 910, 354 N.E.2d 638; *People v. Smithson* (1978), 65 Ill. App. 3d 564, 382 N.E.2d 536.) Therefore, the court did not err in granting defendant only partial credit for the time he spent on probation.

The State concedes that defendant should receive an additional four days' credit for time spent in custody on the charges for which he was convicted. Consequently, defendant is entitled to 65 days' credit for time served while incarcerated.

For the foregoing reasons, the sentence of three years' imprisonment is affirmed and the cause is remanded to the circuit court of Jackson County for the issuance of an amended judgment order and mittimus reciting that defendant is entitled to 138 days' credit for time served on probation and 65 days' credit for time served while incarcerated.

Affirmed and remanded with directions.

JONES, J., concurs.

PRESIDING JUSTICE HARRISON, dissenting:
I respectfully dissent.

174

In *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, our supreme court stated that "[i]f the court decides to deny credit for probation time, it should say so; the point should not be left to inference or interpretation. If the court does not expressly deny credit, the defendant is entitled to it." In so holding, the court unequivocally rejected the notion that such credit may be denied by anything less than an actual statement to that effect. In the instant case, the court did not expressly deny credit at any time, and the majority's interpretation of the court's comments as a denial of credit runs contrary to the supreme court's reasoning and adoption of a rule that makes it "unnecessary for anyone to try to figure out what the sentencing judge had in mind where he could have properly either granted or denied credit." (89 Ill. 2d 466, 468.) For these reasons, I would remand for the issuance of an amended mittimus allowing defendant credit for the full time served on probation.