THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JONATHAN C. TARTER, Defendant-Appellant.

Fourth District   No. 4—84—0544

Opinion filed March 21, 1985.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

On January 19, 1984, defendant Jonathan Tarter pleaded guilty to a charge of driving with a suspended license, and he was sentenced to a six-month period of conditional discharge, conditioned upon his payment of costs and a $200 fine. Defendant stipulated to the allegations of a petition to revoke his conditional discharge on June 14, 1984. The circuit court accepted defendant's admission, revoked his conditional discharge, and sentenced him to 14 days' incarceration. On appeal, defendant contends that he is entitled to credit for time served on conditional discharge.

Upon appeal it is urged by defendant that since the circuit court failed to mention whether the time served on conditional discharge should be credited against his sentence of imprisonment, he is automatically entitled to such credit. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(h)) provides:

"Resentencing after revocation of probation, conditional discharge or supervision shall be under Article 4. Time served on

probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

The prosecution urges that the statement of the court made in imposing sentence clearly indicates that it did, in fact, effectively deny such credit. The colloquy of the trial court includes:

"[I]f there's one thing that Mr. Tarter has to learn and, more importantly, people that come before this Court must be made aware of, even if it is at Mr. Tarter's expense, so to speak, is that when you receive conditional discharge from this Court that is, in and of itself, a privilege to be treasured not to be betrayed and violated as was done here by Mr. Tarter in a period of less than a month. The fact is, Mr. Tarter, I have no sympathy for you because it's a self inflicted wound.

\*\*\* It took you less than thirty days to violate the trust of this Court the last time it was reposed in you. And, Mr. Tarter, I will not again make that same mistake. You now have the burden of earning the trust, not only of this Court, but of the Secretary of State's Office. Until you do that, you're not going to receive it.

So, the Court having considered the nature and circumstances of this offense, the character, history and condition of the Defendant, his past record of law violations, hereby finds that a period of conditional discharge, court supervision or probation would unduly deprecate the seriousness of this offense, would be inconsistent with the ends of justice and would be inadequate to protect the community from further conduct of this nature by the Defendant.

It is therefore the sentence of this Court that the Defendant be incarcerated in the Champaign County Correctional Center for a period of fourteen days from today's date. He is further ordered to pay the cost of this proceeding. He is remanded to the custody of the Sheriff for commencement and service of sentence."

The written order of imprisonment specifically directed that defendant would begin serving a 14-day jail term at 3:30 p.m. on July 11, 1984.

Following the imposition of sentence, defendant filed a motion to withdraw his guilty plea, or in the alternative, to reconsider the sentence as excessive. Timely appeal followed.

Although this court in *People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408, had determined in 1979 that upon revocation of

probation, credit for time served in custody would not support an inference of denial of credit for time served on probation, we find that the issue here is controlled by the opinion in *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 433 N.E.2d 682.

In *Hollingsworth*, the trial court revoked probation and imposed imprisonment with credit for time spent in jail but with no reference to credit for time spent on probation. The appellate court (*People v. Hollingsworth* (1981), 93 Ill. App. 3d 416, 417 N.E.2d 175) considered the colloquy of the trial court at the time of imposition of sentence, which was closely comparable to that found here, and concluded that the trial court had implicitly denied credit for time served on probation. That court expressly rejected the opinion in *Brogan.*

The supreme court reversed the judgment of the appellate court insofar as it denied credit for time served on probation. The rationale of the ruling is most succinctly expressed in the language of the opinion.

> "We see no reason to depart from the rule laid down in *Hills* [78 Ill. 2d 500, 401 N.E.2d 523]. Appeals are not designed to decide what a judgment means, as opposed to whether it is erroneous, and yet that is what the State's theory requires reviewing courts to do. Still less should a sentence depend on a prison warden's personal interpretation of what the judge must have really meant. Because according to *Hills* the sentencing court cannot later clarify its own order so as to deny a defendant credit, the initial judgment must be unambiguous. If the court decides to deny credit for probation time, it should say so; the point should not be left to inference or interpretation. If the court does not expressly deny credit, the defendant is entitled to it under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)), which contemplates that credit will usually be allowed. The proper administration of justice *requires a rule* that will make it unnecessary for anyone to try to figure out what the sentencing judge had in mind where he could have properly either granted or denied credit. We reverse the appellate court because the circuit court's sentence was ambiguous; the appellate court erroneously read into it a meaning that may or may not have been intended." (Emphasis added.) *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, 683-84.

The consequences of applying the rule here prove most lugubrious, but to conclude otherwise would require this court to reach by inference that which, in fact, the trial court did not state and other-

wise would have "to decide what a judgment means." *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682, 683.

As in *Hollingsworth*, the circuit court's judgment is interpreted as allowing the defendant credit against his sentence for time served on conditional release and, as so interpreted, is affirmed. The cause is remanded to the circuit court with directions to ascertain the correct amount of time served on conditional release and to issue a corrected mittimus allowing credit for the time served on conditional release.

The judgment of the circuit court is affirmed. The cause is remanded with directions.

GREEN, P.J., and McCULLOUGH, J., concur.