THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN R. WARNE, Defendant-Appellee.

Second District (1st Division)    No. 75-403

Opinion filed July 8, 1976.

Peter J. Woods, State's Attorney, of Oregon (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Steven Helfer, Public Defender, of Oregon (Robert Lindvall, Assistant Public Defender, of counsel), for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The State appeals from a judgment of the trial court which dismissed a burglary charge against defendant on the grounds of double jeopardy and collateral estoppel. The conduct which formed the basis for the burglary charge had previously been the ground for revocation of defendant's sentence of probation for a prior unrelated conviction. The State contends that the court erred in dismissing the burglary indictment, contending that neither principles of double jeopardy nor collateral estoppel barred the prosecution.

To resolve the issue we are directed by the parties to varying interpretations of the decision of the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), and that of the Illinois Supreme Court in *People v. Grayson*, 58 Ill. 2d 260 (1974).

■■ In *Ashe v. Swenson*, the defendant was first tried for the robbery of one of six victims and found not guilty. He was then subsequently tried for the robbery of a second victim and found guilty. The United States Supreme Court noted that under the particular circumstances present in the case the not-guilty determination in the first trial could only have been based on the conclusion of the jury that defendant did not participate in the robbery. Therefore, it concluded that this issue of ultimate fact which had been determined in a valid final judgment could not be relitigated, since it was barred under the principles of collateral estoppel embodied in the fifth amendment guaranty against double jeopardy.

In *People v. Grayson*, the defendant pleaded guilty to armed robbery

and was sentenced to probation. He was later charged with another armed robbery and, although acquitted after a jury trial, his probation for the first armed robbery was revoked based upon this second armed robbery charge. The Illinois Supreme Court first noted the principle of collateral estoppel as defined in *Ashe v. Swenson*. It then overturned prior appellate court decisions which had held the doctrine of collateral estoppel inapplicable to proceedings with different burdens of proof (*e.g., People v. Morgan*, 55 Ill. App. 2d 157 (1965); *People v. Whitt*, 16 Ill. App. 3d 824 (1974)). The court reasoned that although probation revocation proceedings were nominally civil in nature and required only proof by a preponderance of the evidence rather than the criminal burden of proof beyond a reasonable doubt, the consequences of the revocation were essentially criminal in that a deprivation of liberty was involved. The court found that due to the comparable consequences of the two proceedings, the differences in the burdens of proof should not prevent the application of collateral estoppel. Applying the doctrine of collateral estoppel, the Supreme Court concluded that the acquittal of the defendant was, under the evidence, a final and valid judgment which determined as the ultimate and only disputed fact that defendant was not one of the robbers. Therefore, it held that that issue could not be relitigated by the State, either in subsequent criminal proceedings or in a probation revocation hearing.

Defendant contends that even though the probation revocation proceeding resulted in a finding that he committed the burglary, on the basis of the decisions in *Ashe v. Swenson* and *People v. Grayson* collateral estoppel applies and the State cannot now litigate the issue again in a criminal trial. We do not agree.

The holding of *Ashe v. Swenson*, relied upon in *People v. Grayson*, is not broad enough to bar the prosecution of the substantive offense simply because the conduct charged had been previously the basis for the revocation of the conditional sentence of probation. The application of the doctrine of collateral estoppel in *Ashe v. Swenson* is a narrow one. As the court in *Moton v. Swenson*, 488 F.2d 1060, 1062 (8th Cir. 1973), stated:

> "The decision of the court, however, did not rest upon the barring of the second trial through the employment of the 'same transaction' standard of double jeopardy which appellant urges, despite its espousal by Justices Brennan, Douglas, and Marshall. Rather, Justice Stewart narrowly delimited the issue before the court: 'It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again.' 397 U.S. at 446, 90 S. Ct. at 1195. [Citation.] The reversal of Ashe's conviction then, was on the narrow ground that the issue of

Ashe's presence at the robbery had been resolved in his favor at the first trial and the state was 'collaterally estopped' from re-litigating the issue in a second prosecution after the prior acquittal."

The doctrine of collateral estoppel, which essentially precludes the relitigation of issues necessarily determined by a former judgment, is ordinarily invoked by the defendant as a reliance upon a previous acquittal. (See Annot., 9 A. L. R. 3d 203, 225 (1966).) Being considered as a part of the fifth amendment guaranty against double jeopardy, it is for the benefit of the defendant who claims he is forced to defend himself again on an issue which has been finally adjudicated in his favor. (See *Bell v. State of Kansas*, 452 F.2d 783, 793 (10th Cir. 1971).) The prior *acquittal* has been referred to as the "linchpin of the *Ashe* decision, leading directly to and serving as the foundation for the 'collateral estoppel' doctrine applied." (See *Moton v. Swenson*, 488 F.2d 1060, 1062-1063 (8th Cir. 1973).) The doctrine of collateral estoppel may be invoked by a defendant who seeks to rely upon a former *conviction* only if the conviction necessarily was based upon a fact which negatives the possibility of guilt in the later prosecution. See, *e.g.*, *State v. Gleason*, 456 P.2d 215, 216 (N.M.App. 1969), where the conviction of receiving stolen property precluded subsequent burglary conviction since both crimes involved theft of identical property. See also Annot., 9 A. L. R. 3d 203, 242-244, §10 (1966).

This defendant does not and cannot claim that the proof of the burglary, which formed the basis for the revocation of his probation for an unrelated crime, was based upon facts which negative the possibility of guilt of the substantive offense of burglary.

■■ In this case the State is, therefore, not in a position of trying again to obtain a criminal conviction after having been previously unsuccessful, or of requiring a defendant to "run the gantlet" a second time. (See *Ashe v. Swenson*, at 1195.) The State accepts the fact that defendant's guilt of the burglary, which was the cause for revocation, was validly determined. The result of the probation revocation hearing is not inconsistent with the charge of the subsequent offense. Thus, defendant is not aided by the collateral estoppel doctrine since the issue of defendant's criminal conduct, the commission of the burglary, was determined adversely to him in the earlier revocation proceedings. See also *Whitman v. People*, 420 P.2d 244, 246 (S. Ct. Colo. 1966); *State v. Pospishel*, 218 N.W.2d 602, 604 (S. Ct. Iowa 1974); *United States v. DeSapio*, 299 F. Supp. 436, 443 (S.D.N.Y. 1969).

■■ Defendant's reliance on the doctrine of double jeopardy is also misplaced. As material here, the doctrine protects a defendant against a second prosecution for the same offense after conviction and against multiple punishments for the same offense. (See *North Carolina v. Pearce*,

393 U.S. 922, 21 L. Ed. 2d 258, 89 S. Ct. 2072, 2076 (1969); *United States v. Wilson*, 420 U.S. 32, 43 L. Ed. 2d 232, 95 S. Ct. 1013, 1021-1022 (1975). See also Note, *Twice in Jeopardy*, 75 Yale L.J. 262, 265-266 (1965).) However, here the State is not seeking to retry defendant for the same offense. His sentence of probation was revoked because it was conditioned on his not again engaging in criminal conduct within the probationary period. Upon proof that he did commit the burglary, he was subject to be sentenced for the original crime. The revocation of probation was not punishment for the subsequent criminal conduct which caused the revocation. (See *People v. Morgan*, 55 Ill. App. 2d 157, 159-161 (1965).) The State does not now seek to try defendant again for the same offense but to try him for the first time for the substantive offense of burglary. Therefore, the doctrine of double jeopardy does not aid defendant.

While we find no proper application of the legal doctrines of double jeopardy or collateral estoppel here available to defendant, we recognize that as a matter of policy it may be persuasively argued that in fairness the State should be required to consider probation revocation proceedings and criminal proceedings based on the same underlying criminal conduct as alternatives and elect between them. (See dissent of Stouder, J., in *People v. Whitt*, 16 Ill. App. 3d 824, 828-829.) However, we view the resolution of this question to be a matter of legislative policy.

The judgment of the trial court is reversed and the cause remanded with directions to vacate the judgment dismissing the burglary charge and thereafter to proceed consistently with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and HALLETT, J., concur.