THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS M. McCOY, Defendant-Appellant.

Second District (1st Division)    No. 75-262

Opinion filed August 27, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

A Winnebago County jury found the defendant guilty of rape, and the court sentenced him to four to six years' imprisonment. His sole contention on appeal is that the doctrine of collateral estoppel should have precluded the admission of certain evidence which was allowed at trial over his objection. Finding this argument wholly without merit, we affirm the judgment of the trial court.

The defendant was originally indicted for rape and aggravated battery and was brought to trial before a jury on both counts. The jury found him not guilty of aggravated battery, but was unable to reach a verdict on the rape charge. He was then tried a second time for rape, and, prior to the

introduction of evidence, defense counsel made a motion to exclude any testimony that the defendant struck his victim immediately before the alleged rape occurred. The motion was denied and the jury returned a verdict of guilty.

At the first trial, the 16-year-old prosecutrix testified that on the evening of the alleged rape, she had been "riding around" with a group of friends and that eventually she ended up in the back seat of a car occupied by herself, the defendant, and the defendant's younger brother Tim. When she asked to be taken home, the defendant drove to a church parking lot and parked the car. Tim got into the back seat with the prosecutrix while the defendant sat in the front seat drinking beer and smoking marijuana. When Tim began making advances toward the prosecutrix an argument ensued and the defendant ordered Tim into the front seat. The defendant then asked the prosecutrix what she would do if he tried to "hustle" her, and she replied that he "wouldn't get too far." He climbed into the back seat and grabbed her by the arm but she pushed him onto the floor. When he came at her again, she hit him in the face, causing his nose to bleed, and he began striking her in the face with his fists until Tim restrained him. Tim left the car and ran home to get his father.

The testimony of the defendant and his brother is substantially identical to that of the prosecutrix up to this point. She went on to testify that after Tim left, the defendant told her to take off her clothes and submit to intercourse or he would beat her again. Fearing that he would make good on his threat, she submitted. The defendant testified that after he cleaned the blood from both of their faces and "apologized about fifty times," the prosecutrix asked if he really wanted to "hustle" her and encouraged the subsequent intercourse.

The State offered additional evidence to corroborate the testimony of the prosecutrix, which we need not discuss since the defendant does not question the sufficiency of the proof.

The testimony at the second rape trial was substantially the same and the defendant maintained then, as he does now on appeal, that the not guilty verdict on the aggravated battery charge at the first trial was dispositive of the question of whether or not the defendant was justified in striking the prosecutrix prior to the alleged rape. In his brief, he urges that "implicit in the jury's finding of innocence was a determination that the defendant, in striking the prosecutrix, was not for the purpose of compelling her to submit to an act of intercourse." As such, he maintains that the doctrine of collateral estoppel should have precluded the admission of any testimony about the physical beating to establish the force element of the rape charge.

As the defendant concedes, we need not concern ourselves with questions of double jeopardy and res judicata since the second

prosecution was not for the purpose of retrying the aggravated battery charge.

■■ The doctrine of collateral estoppel has long been recognized by Illinois courts and as Justice Klingbiel noted in *People v. Haran* (1963), 27 Ill. 2d 229, 232, 188 N.E.2d 707: "While this doctrine is more frequently invoked in civil cases, there is no doubt but that it applies equally in criminal cases. (*Sealfon v. United States*, 332 U.S. 575, 92 L. Ed. 180; *Frank v. Mangum*, 237 U.S. 309, 59 L. Ed. 969.)" The defendant refers to the landmark United States Supreme Court case of *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189. Rather than to discuss this case at length here, we refer readers to our recent decision of *People v. Warne* (1976), 39 Ill. App. 3d 894, 350 N.E.2d 836, for a thorough analysis of the holding in *Ashe* which we recognized as a limited application of the doctrine of collateral estoppel. This doctrine was well defined by our own highest court in *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, which stated:

> "Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an 'estoppel by verdict.' * * *"

Chief Justice Heard went on at page 418 in that opinion to emphasize the extreme care which must be used in narrowly applying the doctrine when he wrote:

> "* * * To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for

the reason that the court may have decided upon one of the other issues of fact. * * *."

■■ In the first trial, when the defendant was tried on the combined charges of aggravated battery and rape, the jury was instructed on both battery and aggravated battery but asked only to consider a verdict on the aggravated battery. The only difference between the two instructions was that an aggravated battery "causes great bodily harm to the person harmed." Even without examining the facts in this particular case, it is clear from the instruction that the jury can return a not guilty verdict if any one of the elements of the crime, including the element of great bodily harm, is missing. This being the case, there is absolutely no basis for the defendant's argument that the jury found the striking in question to be justified. In fact, a review of the record would indicate that the likely conclusion of the jury was that the injury was not great because by the defendant's own admission he was the aggressor, and intentionally struck the prosecutrix in the face. To argue that this verdict implies a justified striking is totally untenable and not consistent with the doctrine of collateral estoppel.

At this point, we are compelled to mention one other quandry presented by the defendant's contention on appeal. The doctrine of collateral estoppel prevents the relitigation of a question of fact which has already been decided by a court of competent jurisdiction. This doctrine does not, however, prevent *inter alia* the introduction of otherwise competent evidence at a subsequent trial on a different charge. Even if the jury at the first trial had somehow expressly determined as a matter of fact that the defendant was justified in striking the prosecutrix, the doctrine of collateral estoppel would not necessarily dictate that evidence of the striking be excluded at the second trial. The defendant was not being retried for aggravated battery, but rather was being tried for forcible rape.

The only seriously contested issue in the rape trial was that of voluntary consent and evidence that the defendant broke the prosecutrix's nose moments before the alleged rape would certainly be probative of whether or not the prosecutrix consented out of fear of bodily harm. The jury in the second trial was not passing judgment on whether the defendant was justified in striking the prosecutrix in the nose, and neither the doctrine of collateral estoppel nor the rules of evidence would prevent the testimony objected to by the defendant at his second trial.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.