THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TROY HOWELL, Defendant-Appellant.

Fifth District   No. 76-335

Opinion filed March 15, 1977.

Leon G. Scroggins, of Granite City, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant Troy Howell was convicted of burglary after trial by jury in the Circuit Court of Madison County and placed on two years' probation. During the term of probation, he was charged by criminal complaint with commission of the offense of misdemeanor theft in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)). Subsequently, the State filed a petition to revoke probation, alleging the commission of the same ofense as a violation of the terms of probation. When defendant appeared ready for trial on the theft charge, the State moved to dismiss the complaint, and a *nolle prosequi* was entered over defendant's objection. At the subsequent hearing on the petition to revoke probation, the court denied defendant's motion to dismiss based on double jeopardy grounds. Defendant's term of probation was extended for one year, and he was sentenced to serve six months in the Madison County Jail as a condition of probation.

■■ The sole issue raised by defendant on this appeal is whether the State is barred by the doctrines of double jeopardy and collateral estoppel from proceeding on a petition to revoke probation, grounded on the commission of a criminal offense, after a criminal complaint based on the same facts and phrased in the same language has been dismissed with prejudice. We think that it is clear that the State may properly proceed in such a manner, and therefore must affirm.

Defendant's reliance on *People v. Grayson*, 58 Ill. 2d 260, 319 N.E.2d 43 (1974), is misplaced. In *Grayson*, the supreme court held that where an acquittal on a criminal charge was based on the determination that the defendant was not the perpetrator of the crime, the State could not then constitutionally relitigate the issue of identity in a probation revocation proceeding. (See also *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), holding that the principle of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy, and thus applicable to the States.) Here, unlike the situation in *Grayson*, the defendant was not acquitted. A *nolle prosequi* entered before jeopardy has attached does not preclude a subsequent prosecution for the same offense. (*People v. Garcia*, 7 Ill. App. 3d 742, 288 N.E.2d 637 (2d Dist. 1972); *People v. Jackson*, 132 Ill. App. 2d 1059, 271 N.E.2d 673 (4th Dist. 1971).) No issues of fact or law were determined in the criminal

proceeding; there was no guilty plea, no jurors or witnesses were sworn, and no evidence was heard. Jeopardy as defined in section 3—4 of the Criminal Code had, therefore, not attached. Ill. Rev. Stat. 1975, ch. 38, par. 3—4.

■■■ The State could have *both* attempted to revoke defendant's probation *and* sought a criminal conviction based on the same conduct. (See, *e.g., People v. Warne*, 39 Ill. App. 3d 894, 350 N.E.2d 836 (2d Dist. 1976); *People v. Morgan*, 55 Ill. App. 2d 157, 204 N.E.2d 314 (4th Dist. 1965).) A sentence imposed upon revocation of probation is not considered punishment for the offense which led to the revocation proceedings, but for the original crime. Thus there is no question of double jeopardy, or of being punished twice for the same offense. We agree with Mr. Justice Seidenfeld, writing for the court in *Warne*, that "as a matter of policy it may be persuasively argued that in fairness the State should be required to consider probation revocation proceedings and criminal proceedings based on the same underlying conduct as alternatives and elect between them." (39 Ill. App. 3d 894, 898, 350 N.E.2d 836, 839; see also *People v. Whitt*, 16 Ill. App. 3d 824, 828-29, 306 N.E.2d 882, 885-86 (3d Dist. 1974) (Stouder, J., specially concurring).) Even if the legislature had made such a policy determination, however, which it has not, it would be of no avail to this defendant, for here the State *did* elect to proceed with the revocation proceeding rather than the criminal prosecution.

For the foregoing reasons the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

CARTER, P. J., and G. J. MORAN, J., concur.