THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JERRY SMITH, Defendant-Appellant.

Third District    No. 80-89

Opinion filed August 22, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Stephen Landuyt, State's Attorney, of Oquawka (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This is an appeal by the defendant, Jerry Smith, from an order of the Circuit Court of Henderson County revoking the defendant's probation. The defendant was originally sentenced to three years' probation after pleading guilty to two counts of arson. Following the revocation of probation, the defendant was sentenced to concurrent terms of three years' imprisonment for each count of arson.

■■ In his appeal, the defendant raises two issues. The first is whether the order of revocation must be reversed on double jeopardy grounds since the defendant had earlier pleaded guilty to the battery and criminal damage to property charges which formed the basis for the revocation. The defendant acknowledges that Illinois courts have consistently held that the State may seek revocation of probation as well as seek a criminal conviction based on the same conduct. (*People v. Ward* (1980), 80 Ill. App. 3d 253, 399 N.E.2d 728; *People v. Vahle* (1978), 60 Ill. App. 3d 391, 376 N.E.2d 766; *People v. Howell* (1977), 46 Ill. App. 3d 300, 360 N.E.2d 1212; *People v.*

*Warne* (1976), 39 Ill. App. 3d 894, 350 N.E.2d 836, *cert. denied* (1977), 429 U.S. 1107, 51 L. Ed. 2d 559, 97 S. Ct. 1139. Nevertheless, the defendant asks that we adopt the reasoning of the dissent in *Vahle* and *Ward* and of the specially concurring opinion in *People v. Bone* (1979), 70 Ill. App. 3d 972, 389 N.E.2d 575, without providing any mandatory authority for the contention that the majority opinions reach an incorrect result. As a result, we find no reason to change the law in this regard.

As a second issue, the defendant asks whether one of the arson convictions must be vacated because both counts are carved out of the same physical act. There is no question that the convictions are carved out of the same physical act. Count one was based on damage to the commercial property of Russell Davison, while count two was based on damage to personal property valued at more than $150, also of Davison, which was damaged at the same location and on the same date as the commercial building. The factual basis for defendant's guilty plea indicated that the defendant was seen at the Davison Motor Sales automobile dealership on the night of November 17-18, 1978. The defendant drove away from the dealership in a truck, and a fire, later determined to be of man-made origin, was then observed in the building. Based on this one incident, both charges were brought.

The only question is whether, as the State suggests, the defendant has waived this issue for purposes of review by failing to make it the subject of an appeal from the original conviction. On appeal from a probation revocation, review is generally restricted to issues arising out of the revocation proceeding. *People v. Miles* (1977), 53 Ill. App. 3d 137, 368 N.E.2d 187; *People v. Yackle* (1976), 42 Ill. App. 3d 695, 356 N.E.2d 664.

■■ Since, however, only one sentence of probation was imposed on the original conviction and two sentences of imprisonment were imposed after revocation of probation, it is clear that the alleged error occurred during sentencing following the revocation of probation. In any event, the defendant would be entitled to raise this issue in a post-conviction petition (*People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1; *People v. Allen* (1976), 40 Ill. App. 3d 972, 353 N.E.2d 342), and there, because the defendant was convicted of two crimes arising out of the same act, one conviction would have to be vacated. See *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

While one of these convictions must be vacated, a remandment for resentencing on the other conviction is not required where the defendant was sentenced to the minimum term of imprisonment for arson. (Ill. Rev. Stat. 1979, ch. 38, pars. 20—1(c), 1005—8—1.) Accordingly, the order of the Circuit Court of Henderson County revoking the defendant's probation and sentencing him to three years' imprisonment for damaging Russell

Davison's commercial property by arson is affirmed, but as to count two, damaging personal property of Davison having a value in excess of $150 by arson, the order and sentence are vacated.

Affirmed in part, vacated in part.

STOUDER and SCOTT, JJ., concur.