THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN FUGITT, Defendant-Appellant.

Third District    No. 80-62

Opinion filed August 29, 1980.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In this appeal by the defendant, Steven Fugitt, from the revocation of the probation imposed for an earlier burglary conviction, three issues are raised. First, whether the concurrent terms of seven and 10 years imprisonment were excessive where the trial court failed to consider any mitigating factors; second, whether the revocation of probation must be reversed on double jeopardy grounds since the defendant had been pre-

viously convicted for the burglary which was also the basis for the revocation; and third, whether the defendant should be given credit against the sentence for the first burglary for the time he served in the county jail for that offense. As to the third issue, the State concedes the defendant is entitled to 114 days credit against the seven-year sentence imposed on his first burglary conviction after probation was revoked.

As to the double jeopardy issue, we find no merit to the defendant's argument. On November 8, 1978, the defendant pleaded guilty to the charge of burglary and pursuant to plea negotiations was sentenced to three years probation. A condition of his probation was that he not violate any criminal statute of any jurisdiction.

On December 1, 1978, a petition to revoke the defendant's probation was filed. It alleged that on November 30, 1978, the defendant took merchandise from the Sunnyland Kroger store without paying for it. On December 6, 1978, the defendant confessed the petition and was sentenced on December 2, 1978, to another three-year term of probation on the original burglary charge. Once again, the standard condition that he not violate any criminal statute of any jurisdiction was made a part of his probation.

On November 1, 1979, the defendant was indicted on four counts of burglary. A jury found the defendant guilty as to count III of the indictment on January 8, 1980, and the same day a petition to revoke his probation was filed. Following a hearing on January 23, 1980, the defendant's probation was revoked.

■█ The defendant admits the courts of this State have consistently held that the State may seek both a revocation of a defendant's probation and a criminal conviction based on the same conduct. (*People v. Ward* (1980), 80 Ill. App. 3d 253, 399 N.E.2d 728, *appeal denied* (1980), 81 Ill. 2d 598; *People v. Vahle* (1978), 60 Ill. App. 3d 391, 376 N.E.2d 766; *People v. Howell* (1977), 46 Ill. App. 3d 300, 360 N.E.2d 1212; *People v. Warne* (1976), 39 Ill. App. 3d 894, 350 N.E.2d 836, *cert. denied* (1977), 429 U.S. 1107, 51 L. Ed. 2d 559, 97 S. Ct. 1139.) However, the defendant asks that we follow the reasoning of the dissents in *Vahle* and *Ward* and the special concurring opinion in *People v. Bone* (1979), 70 Ill. App. 3d 972, 389 N.E.2d 575, without providing any basis for this change of position except to say that the majority opinion of this court in *Ward* was incorrect. The defendant has failed to adduce any precedents not considered in our recent decision in *People v. Ward* (1980), 80 Ill. App. 3d 253, 399 N.E.2d 728, *appeal denied* (1980), 81 Ill. 2d 598, and consequently we adhere to the decision in *Ward* and believe that no additional discussion is warranted.

■█ Remaining is the question of whether the sentences imposed are excessive and should be reduced. The defendant argues that the sentencing judge ignored several mitigating factors. First, the defendant argues,

he had a relatively minor criminal record. We disagree, however. For a nineteen-year-old, the defendant's record was hardly minor, including two burglary convictions, one misdemeanor theft conviction, and another theft to which the defendant admitted having committed at a probation revocation hearing. The defendant was twice placed on probation and violated both probations. This is certainly an indication of his potential for rehabilitation, or rather the lack thereof.

The defendant points out that testimony presented at the sentencing hearing indicated that the divorce of his parents was a factor in causing his behavior in that it contributed to the problems he incurred with the usage of alcohol and drugs. It is his position that this conduct is not likely to recur. Also characterized in this mitigating factor (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1(a)(9)) are the facts that the defendant's family will support his rehabilitative efforts and that his employer considers the defendant a very capable employee and would extend employment to the defendant if he is not incarcerated. On the other hand, the inference from these facts that the defendant is unlikely to commit another criminal offense is clearly rebutted by the evidence of his past criminal activity.

■■ Additional support for the defendant's argument is the listing of five mitigating factors which, the defendant concludes, could not have been considered in light of the sentences imposed. Such a mere listing of factors is not an affirmative demonstration of error. Where evidence of this nature is before the trial court, the sentencing judge will be presumed to have considered it unless there is some statement in the record, aside from the sentence imposed, which would tend to indicate otherwise. Moreover, the defendant's reliance on *People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114, is misplaced. The defendant cites this case for the proposition that the trial court must specify for the record his reasons for the sentence, including a discussion of the evidence, information in the presentence report and the aggravating or mitigating factors relied upon. A review of the record indicates that the trial judge in the case at bar complied with this requirement, whereas the sentencing judge in *Rickman* made no comment concerning the reasons for the sentence imposed. A formalized, rigid approach to the revelation of reasons for sentencing is not mandated.

Except for one of the factors, that imprisonment of the defendant would entail excessive hardship to his dependents, further comments need not be made concerning the defendant's list of allegedly ignored mitigating factors. The evidentiary basis for this factor is that the defendant sired a son and planned to marry the mother. This evidence alone fails to establish either that the child and mother are dependent upon the defendant or that imprisonment would entail a hardship on them even if they were dependents.

Lastly, the defendant argues that evidence of the three burglaries which was admitted by stipulation of the parties may have been considered by the trial judge and if so error was committed, since such criminal activity did not result in convictions. We find no merit in this contention of the defendant, for this court, relying upon *Williams v. New York* (1949), 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079, has held that such evidence can be considered in imposing a sentence if the sentencing judge has tested its accuracy and found the same to be accurate. (See *People v. Berry* (1980), 86 Ill. App. 3d 755.) That such evidence was admitted by stipulation is tantamount to an admission by the defendant that such evidence as to his criminal activity was indeed accurate.

Again, no affirmative showing has been made, the only basis for the defendant's argument being the alleged severity of the sentences imposed. For the foregoing reasons, the judgment of the Circuit Court of Will County is affirmed, but the cause is remanded for an amendment to the mittimus reflecting the appropriate credit to the defendant for time served in jail against the seven-year sentence imposed for the first burglary conviction.

Affirmed and remanded.

STENGEL and STOUDER, JJ., concur.