THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARC MATLOCK, Defendant-Appellant.

Fourth District    No. 16803

Opinion filed July 14, 1981.—Rehearing denied August 11, 1981.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Substitution of judge is the pivotal issue here.

Matlock was convicted of two counts of unlawful possession of a controlled substance and was sentenced to 30 months' probation, a condition being that he complete a drug rehabilitation program. Subsequently, the trial court found that defendant violated a condition of his probation by his failure to attend the program and he was sentenced to 6 years' imprisonment.

Defendant now appeals his sentence on the grounds that the trial court erroneously denied his motion for substitution of judge, and that the trial court abused its discretion in sentencing him to 6 years' imprisonment.

We affirm.

On August 21, 1980, the Office of the Champaign County State's Attorney filed a petition to revoke probation, alleging that defendant violated the conditions of his probation in that he left the Gateway program without permission or authority of his probation officer or the court. Defendant appeared before Champaign County Circuit Judge Robert Steigmann on October 15, 1980, to enter his general denial to the allegations of the petition to revoke. The cause was then allotted for trial on October 23, 1980, before Judge Steigmann.

On October 23, 1980, defendant's attorney filed a motion to substitute judge with an accompanying affidavit. The motion alleged that defendant could not receive a fair hearing on the petition to revoke probation before Judge Steigmann because Judge Steigmann was prejudiced against the defendant in that he had previously prosecuted defendant on a burglary charge in 1973 while the judge was employed as a Champaign County Assistant State's Attorney. Additionally, the motion alleged that defense counsel first became aware of the grounds for the motion on October 22, 1980, when defendant informed counsel of the earlier prosecution by Judge Steigmann.

A hearing on the motion to substitute was held before Judge Townsend. Defendant, testifying in support of the motion, stated that he was unaware during the trial on his drug violation charges that Judge Steigmann had prosecuted him on a previous burglary charge. According to defendant, he became aware of Judge Steigmann's role and the previous prosecution during the sentencing hearing on the drug conviction. At the time, defendant saw Robert Steigmann's name listed as prosecutor on some documents in front of him on his desk. With respect to the prior burglary conviction, defendant pleaded guilty and received a

2½- to 8-year prison sentence. During cross-examination, defendant acknowleged that at the August 1980 sentencing hearing on the drug convictions, he requested, and Judge Steigmann granted, a sentence of probation despite a contrary recommendation by the prosecutor. The trial court denied the motion to substitute judges.

After hearing the stipulated evidence, Judge Steigmann admonished the defendant as to his right to a full hearing on the petition and of the possible consequences of a finding by the court that the allegations had been proved. The trial court then entered a finding that the defendant's stipulation was knowingly and voluntarily made and, based on the stipulated evidence, that the allegations of the petition to revoke were proven.

Immediately following the adjudication of the merits, the trial court proceeded to a sentencing hearing. Neither the prosecution nor the defense presented evidence at the sentencing hearing. The trial court heard arguments of counsel and then imposed an extended term of 6 years' imprisonment.

Defendant's initial argument is that the trial court erred in denying his motion for a substitution of judge. Section 114—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 114—5) provides for the occasions when a defendant is entitled to a substitution of judge. Defendant here concedes that the only provision covering the instant case is the subsection of the rule which provides that any defendant may move at any time for a substitution of judge for *cause*. Defendant argues that by establishing that Judge Steigmann served as the prosecutor in one of his prior felony convictions, defense counsel made a sufficient showing of prejudice to disqualify Judge Steigmann from presiding over defendant's revocation and sentencing.

■■ ■ In *People v. Vance* (1979), 76 Ill. 2d 171, 390 N.E.2d 867, our supreme court noted that ordinarily the fact that a judge ruled adversely to a defendant in either a civil or criminal case does not disqualify that judge from sitting in subsequent similar criminal cases in which the same person is a party. A conclusion that a judge is disqualified because of prejudice is not a judgment to be made lightly. The court noted that every human being has either conscious or subconscious partiality to some degree. Finally, the court held that something more than presiding at an earlier conviction and the subsequent denial of probation is necessary before a judge may be considered disqualified from hearing the subsequent cases involving the same defendant. The court concluded that a showing of animosity, hostility, ill-will, or distrust towards the defendant was lacking. In the absence of one of these factors, the proof fell short of establishing actual prejudice which would interfere with a fair determination of defendant's guilt or innocence.

Defendant argues that any further showing of the judge's open

hostility or prejudice ought to be unnecessary since the imperilment of judicial impartiality under the present circumstances is more likely to be subtle and subliminal. Defendant argues that this court should adopt a standard analogous to that applied in the context of the attorney-client relationship where the supreme court has adopted a *per se* rule that where actual or potential conflict of interest is shown, it is unnecessary for the defendant to show actual prejudice, since prejudice is presumed. (*People v. Vriner* (1978), 7 Ill. 2d 329, 385 N.E.2d 671, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858.) We decline defendant's invitation.

The State argues that despite defendant's repeated allegations of the judge's involvement, the only evidence of any connection was defendant's testimony that he saw the judge's name on some papers during a hearing. The State argues that the record does not indicate whether the papers related to the burglary conviction or any case involving the defendant, or in the nature of the judge's involvement in that case if any.

The State also argues that even if the defendant's evidence proved that Judge Steigmann personally prosecuted the burglary case against the defendant, the issue was waived. The State notes that the defendant appeared before Judge Steigmann at his trial and at his sentencing hearing and never objected to the judge's presence. The State argues that the delay in raising his objection until a petition was filed to revoke his probation has effected a waiver. *People v. Mitchell* (1979), 76 Ill. App. 3d 878, 395 N.E.2d 696; *People v. Fitzgerald* (1977), 55 Ill. App. 3d 626, 370 N.E.2d 1207.

The State further argues that even if this court takes defendant's actual allegations as true and disregards waiver, the denial of the motion to substitute was not cause for reversal. The State argues that the fact that Judge Steigmann personally prosecuted the burglary case against the defendant, even if proved would not necessarily constitute "cause" under the statute. The State contends that the defendant has not shown any actual prejudice.

■■■ The State's arguments are well taken. The defendant here has failed to establish prejudice under *Vance*. Indeed, the fact that Judge Steigmann gave defendant probation upon his original conviction, despite defendant's previous failure to successfully complete a probationary period, would demonstrate an absence of prejudice. Furthermore, as a sentencing judge, Judge Steigmann would be informed of the prior burglary conviction through the presentence report. In addition, defendant's motion was not timely. Although defendant knew of Judge Steigmann's involvement prior to the original sentence on the possession charges, no motion for substitution was made until after the subsequent revocation proceedings were instituted.

■■ Matlock also argues that the trial court abused its discretion in sentencing him to an extended term of imprisonment of 6 years upon the revocation of his probation. He concedes that where a defendant is admitted to probation and the probation is revoked, the trial court may sentence him to any disposition that would have been appropriate for the original offense. (*People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799.) He further concedes that although he cannot be sentenced for the conduct which constituted the probation violation, the trial court can properly consider his conduct on probation in assessing his rehabilitative potential. (*People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309.) Defendant argues, however, that the maximum extended term imposed here finds no support or justification. In particular, he argues that his crime was a victimless, nonviolent infraction, and that he was a drug addict in need of professional drug rehabilitation treatment. He requests that his sentence be reduced to 3 years.

As the State notes, on August 4, 1980, defendant was sentenced to 30 months' probation and was directed to complete the Gateway House Drug Rehabilitation program. At the time of the initial sentence, the court observed that the record justified an immediate imposition of a 6 year extended term sentence. The presentence report indicated that defendant was sentenced to 3 years' probation in 1967 for criminal damage to property and was discharged from probation when he joined the army. While in the army, defendant was sentenced to 6 months' hard labor for drug possession. Defendant stated that he has not held any employment since his release from the army in 1969. In 1974, he was convicted of three counts of burglary and was sentenced to 2½ to 8 years' imprisonment. Defendant was paroled in 1975, and in 1977 this parole was revoked, at which time he was convicted of possessing a controlled substance and escape, and was sentenced to 3 to 9 years' imprisonment. He was again paroled in 1979, and during that period of parole committed the present offenses.

■■ In view of defendant's persistent failures to successfully complete periods of parole, probation, and rehabilitation programs, and in the absence of any mitigating factors, the sentence cannot be deemed an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Defendant was warned at the time of his initial probation that if he violated the probation he would receive 6 years. Although the 6-year sentence may have been harsh, we cannot say, under the facts of this case, that the trial court abused its discretion.

Affirmed.

WEBBER and GREEN, JJ., concur.